IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHERRY LYNN FAULKNER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | NO. CIV-20-0022-JH |
| ) | |
| ALEX AZAR, Secretary, United States ) | |
| Department of Health and Hospitals, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiffs filed this putative class action against the United States of America, *ex rel.* Department of Health and Human Services, asserting claims based on their potential exposure to infectious diseases while being treated at W.W. Hastings Indian Hospital. Defendant has moved to dismiss the unnamed members of the putative class and plaintiffs' class allegations pursuant to Fed.R.Civ.P. 12(b)(1), for failure to comply with the Federal Tort Claims Act ("FTCA") notice requirements.

"Subject to certain exceptions, the FTCA permits a person injured by a Government employee acting within the scope of his or her employment to seek tort damages against the Government." United States v. Smith, 499 U.S. 160, 162 (1999). "Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed. The requirements are jurisdictional and cannot be waived." Bradley v. United States, 951 F.2d 268, 270 (10th Cir. 1991) (citation omitted). "28 U.S.C. § 2675(a) requires that claims for damages against the government be presented to the appropriate federal agency by filing (1) a written statement

sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." Estate of Trentadue v. United States, 397 F.3d 840, 852 (10th Cir. 2005) (quotations and citation omitted). Further, "[i]f there are multiple claimants in an FTCA case, each claimant must individually satisfy the jurisdictional prerequisite of filing a proper claim." Haceesa v. United States, 309 F.3d 722, 734 (10th Cir. 2002) (quotations and citation omitted). If multiple claimants are listed on a single claim form, "to be valid the form must give constructive notice sufficient to warrant government investigation of each claim." Id. (quotations and citations omitted).

Plaintiffs argue that because the notice form sent to defendant explicitly stated that plaintiffs were asserting claims on behalf of themselves and all others similarly situated, defendant was provided adequate notice of each putative class members' claim. The court concludes otherwise. While, arguably, defendant may have been on notice of an alleged injury common to all proposed class members, nowhere does the notice provide "a sum certain damages claim" for each of those possible claims. The purpose of the notice requirement is to "allow the agency to expedite the claims procedure and avoid unnecessary litigation by providing a relatively informal nonjudicial resolution of the claim." Trentadue, 397 F.3d at 852. Given the highly individual nature of potential damages suffered based on the allegations of the complaint, absent individual damage claims from each claimant, the agency would not be in a position to provide any nonjudicial resolution of the claims. Plaintiffs' purported FTCA class notification does not grant the court jurisdiction over the claims not properly presented to defendant.

Accordingly, defendant's Partial Motion to Dismiss [Doc. # 33] is **GRANTED**. The claims against all potential defendants other than those of the named plaintiffs are **DISMISSED**.

**IT IS SO ORDERED**.

Dated this 27th day of May, 2020.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE